ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR REQUEST FOR AN INFORMAL ATTORNEY GENERAL OPINION REGARDING THE COMMITTEE OF MECHANICAL EXAMINERS. THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. RATHER, THE FOLLOWING ANALYSIS AND CONCLUSIONS, WHILE SOLELY MY OWN, HAVE BEEN REACHED AFTER CAREFUL RESEARCH OF THE QUESTION YOU HAVE RAISED.
YOUR FIRST QUESTION REQUESTS AN IDENTIFICATION OF THE POWERS AND DUTIES OF THE COMMITTEE OF MECHANICAL EXAMINERS (THE "COMMITTEE") IN RELATION TO THE STATE COMMISSIONER OF HEALTH (THE "COMMISSIONER") AND THE STATE BOARD OF HEALTH. THE COMMITTEE'S DUTIES ARE SET FORTH IN 59 O.S. 1850.4(H) (1991):
"H. THE COMMITTEE SHALL:
 1. ASSIST AND ADVISE THE BOARD ON ALL MATTERS PERTAINING TO THE FORMATION OF RULES AND REGULATIONS PURSUANT TO THE PROVISIONS OF THE MECHANICAL LICENSING ACT;
 2. ASSIST AND ADVISE THE DEPARTMENT ON ALL MATTERS RELATING TO THE LICENSING OF MECHANICAL CONTRACTORS OR MECHANICAL JOURNEYMEN AND THE REGISTERING OF MECHANICAL APPRENTICES;
 3. CONDUCT INVESTIGATIONS INTO THE QUALIFICATIONS OF APPLICANTS FOR LICENSURE AND REGISTRATION AT THE REQUEST OF THE DEPARTMENT;
 4. CONDUCT INVESTIGATIONS AND PROCEEDINGS, AT THE REQUEST OF THE DEPARTMENT, FOR ALLEGED VIOLATIONS OF THE MECHANICAL LICENSING ACT.;
 5. DEVELOP AND ADMINISTER THE EXAMINATIONS FOR APPLICANTS FOR LICENSES AS A MECHANICAL CONTRACTOR OR JOURNEYMAN;
 6. ASSIST AND ADVISE THE BOARD OR DEPARTMENT IN SUCH OTHER MATTERS AS IS REQUESTED THEREBY.
59 O.S. 1850.4(H)(5) (1991).
YOU ALSO ASK WHETHER THE COMMITTEE OF MECHANICAL EXAMINERS HAS "EXCLUSIVE" AUTHORITY TO DECIDE THE TIME AND LOCATION OF THE EXAMINATIONS ADMINISTERED PURSUANT TO THE MECHANICAL LICENSING ACT. PURSUANT TO THE STATUTORY AUTHORITY SET FORTH IN THE ACT, THE COMMITTEE DOES HAVE THE AUTHORITY TO DECIDE THE TIME AND LOCATION OF THE EXAMINATIONS. WHETHER OR NOT THIS AUTHORITY IS EXCLUSIVE WILL BE EXAMINED LATER WITH THE THIRD QUESTION YOU RAISE.
WITH RESPECT TO THE ISSUE OF THE COMMITTEE'S AUTHORITY TO SET THE EXAMINATION PLACE AND TIME, 59 O.S. 1850.4(H)(5) REQUIRES THE COMMITTEE TO DEVELOP AND ADMINISTER THE EXAMINATIONS. IN ADDITION, 59 O.S. 1850.6 REINFORCES THIS AUTHORITY BY AUTHORIZING THE COMMITTEE TO CONDUCT EXAMINATIONS ON AT LEAST A QUARTERLY BASIS.
THE CARDINAL RULE OF STATUTORY CONSTRUCTION IS TO GIVE EFFECT TO LEGISLATIVE INTENT. GRAND RIVER DAM AUTHORITY V. STATE, 645 P.2D 1011 (OKLA.1982). IN ADDITION, CONSTRUCTION THAT WOULD LEAD TO AN ABSURDITY MUST BE AVOIDED AND A RATIONALE CONSTRUCTION MUST BE EMPLOYED. LEDBETTER V. OKLAHOMA ALCOHOLIC BEVERAGE LAWS ENFORCEMENT COMMISSION, 764 P.2D 172 (OKLA.1988).
BASED ON THESE RULES OF CONSTRUCTION, IT IS REASONABLE TO CONCLUDE THAT BY GIVING THE COMMITTEE THE DUTY TO DEVELOP, ADMINISTER, AND CONDUCT THE EXAMINATIONS, THE LEGISLATURE INTENDED TO AUTHORIZE THE COMMITTEE TO DECIDE THE TIME AND LOCATION FOR THE EXAMS. THIS IS PARTICULARLY TRUE BECAUSE THERE ARE NO OTHER STATUTORY PROVISIONS ADDRESSING THE TIME AND LOCATION OF THE EXAMINATIONS. IT WOULD BE ABSURD TO CONSTRUE THE STATUTES TO FIND THAT THE LEGISLATURE REQUIRED THE COMMITTEE TO CONDUCT THE EXAMS BUT DID NOT GIVE IT, OR ANY OTHER ENTITY, THE AUTHORITY TO DETERMINE WHEN AND WHERE THE EXAMS WOULD BE GIVEN.
YOUR THIRD QUESTION IS WHETHER THE STATE COMMISSIONER OF HEALTH HAS AUTHORITY TO ESTABLISH EXAMINATION TIMES AND LOCATIONS IN CONTRAVENTION OF THE COMMITTEE'S DECISIONS. THIS QUESTION CORRESPONDS WITH YOUR PREVIOUS QUESTION ASKING WHETHER OR NOT THE COMMITTEE'S DECISION-MAKING AUTHORITY IS EXCLUSIVE IN THIS REGARD.
IN CONTRAST TO THE COMMITTEE'S POWER, THE LEGISLATURE DID NOT GIVE THE COMMISSIONER AUTHORITY TO CONDUCT THE EXAMINATIONS. FURTHERMORE, THE LEGISLATURE DID NOT GIVE THE COMMISSIONER AUTHORITY TO DETERMINE THE TIME AND LOCATION OF THE EXAMINATIONS. THE QUESTION THEN BECOMES WHETHER THIS POWER WAS INTENDED BY THE GENERAL PROVISIONS OF THE ACT.
THE POWERS OF THE BOARD OF HEALTH AND OF THE COMMISSIONER ARE SET FORTH IN THE ACT. THE BOARD OF HEALTH HAS BROAD POWERS PURSUANT TO 59 O.S. 1850.5 TO IMPLEMENT AND ENFORCE THE PROVISIONS OF THE MECHANICAL LICENSING ACT AND RULES AND REGULATIONS OF THE BOARD PROMULGATED PURSUANT TO THE ACT.
IT IS A RULE OF STATUTORY CONSTRUCTION THAT A SPECIAL STATUTE CONTROLS OVER A GENERAL PROVISION:
 "A STATUTE WHICH IS ENACTED FOR THE PRIMARY PURPOSE OF DEALING WITH A PARTICULAR SUBJECT, AND WHICH PRESCRIBES THE TERMS AND CONDITIONS OF THAT PARTICULAR SUBJECT MATTER, PREVAILS OVER A GENERAL STATUTE WHICH DOES NOT REFER TO THE PARTICULAR SUBJECT MATTER, BUT DOES CONTAIN LANGUAGE WHICH MIGHT BE BROAD ENOUGH TO COVER THE SUBJECT MATTER IF THE SPECIAL STATUTE WAS NOT IN EXISTENCE."
TAYLOR V. SPECIAL INDEMNITY FUND, 804 P.2D 431, 432 (OKLA.1990)
IN THIS CASE, SPECIAL STATUTES GIVE THE COMMITTEE AUTHORITY TO DETERMINE THE LOCATION AND TIMES OF EXAMS IN THAT THE COMMITTEE SPECIFICALLY DEVELOPS AND ADMINISTERS THE EXAMS. IN CONTRAST, THE AUTHORITY OF THE BOARD TO IMPLEMENT THE ACT IS GENERAL AND DOES NOT CONTROL IN DETERMINING WHICH ENTITY ADMINISTERS THE EXAMS.
HOWEVER, DURING THE 1993 LEGISLATIVE SESSION AND SINCE YOUR SUBMITTAL OF THIS OPINION REQUEST, THE COMMISSIONER OF HEALTH WAS GIVEN THE AUTHORITY TO CONTRACT FOR THE EXAMINATION FACILITY, UPON THE AUTHORIZATION TO DO SO BY THE COMMITTEE. IN PARTICULAR, THE LEGISLATURE PASSED THE FOLLOWING REQUIREMENT:
"H. THE COMMITTEE SHALL:
 7. NOTWITHSTANDING ANY OTHER SECTION OF LAW, AUTHORIZE THE COMMISSIONER TO CONTRACT WITH THE STATE BOARD OF VOCATIONAL AND TECHNICAL EDUCATION OR OTHER ENTITIES FOR FACILITIES FOR TESTING APPLICANTS, PROVIDED THAT THE INTEGRITY OF THE TESTING IS MAINTAINED AND ADEQUATE NOTICE IS GIVEN TO PERSONS INTERESTED IN TAKING THE EXAM AT THAT LOCATION. 59 O.S. 1991, 1850.5 (AS AMENDED).:
 THE TERM "SHALL", AS USED ABOVE, IS MANDATORY AND THE COMMITTEE MUST AUTHORIZE THE COMMISSIONER TO CONTRACT FOR TESTING FACILITIES. HOWEVER, THIS MANDATORY DUTY HAS TWO CONDITIONS: 1) THE INTEGRITY OF THE TESTING MUST BE MAINTAINED, AND 2) ADEQUATE NOTICE MUST BE GIVEN. AS A RESULT, EVEN THOUGH THE COMMISSIONER HAS THE AUTHORITY TO CONTRACT FOR THE FACILITY, THIS IS AN ISOLATED ACTIVITY AND THE COMMITTEE RETAINS THE DISCRETION AND AUTHORITY OVER THE FACILITY CONTRACTS.
AN ADDITIONAL STATUTORY RULE OF CONSTRUCTION REQUIRES CONSTRUING STATUTES TO AVOID CONFLICT. IN PARTICULAR, THE OKLAHOMA SUPREME COURT INSTRUCTS AS FOLLOWS:
 "PROVISIONS IN THE SAME STATUTORY SCHEME SHOULD BE GIVEN A CONSTRUCTION WHICH WILL RESULT IN HARMONIZING THE PROVISIONS AND GIVING REASONABLE EFFECT TO BOTH SECTIONS WITHOUT DOING VIOLENCE TO EITHER. WHERE TWO CONSTRUCTIONS ARE POSSIBLE, THE ONE AVOIDING THE CONFLICT IS PREFERABLE TO ONE, ALTHOUGH REASONABLE, WHICH LEADS TO THE CONCLUSION THAT A CONFLICT EXISTS".
ROACH V. ATLAS LIFE INS. CO., 769 P.2D 158, 163 (OKL.1989).
WITH RESPECT TO THE AUTHORITIES OF THE COMMISSIONER AND THE COMMITTEE, A HARMONIOUS CONSTRUCTION IS POSSIBLE. THE LEGISLATURE DEVISED A SYSTEM FOR THE ADMINISTRATION OF THE ACT'S EXAMINATIONS AND CHARGED THE COMMITTEE WITH THE PRIMARY DUTY OF CARRYING OUT THE EXAM PROGRAM. IN ADDITION, THE COMMISSIONER IS NOT ABLE TO CHOOSE EXAM TIME AND LOCATIONS IN CONTRACTING FOR EXAM FACILITIES WITHOUT THE COMMITTEE'S AUTHORIZATION. AS A RESULT, THE LEGISLATURE DID NOT INTEND TO AUTHORIZE THE COMMISSIONER TO CHOOSE AN EXAM TIME AND LOCATION IN CONTRAVENTION OF THE COMMITTEE.
YOUR FINAL QUESTION ASKS WHAT RECOURSE THE COMMITTEE HAS SHOULD THERE BE VIOLATIONS OF THE ACT. THIS QUESTION IS BEYOND THE SCOPE OF THE OPINION PROCESS AS THERE IS NO STATUTORILY ESTABLISHED REMEDY THAT ADDRESSES THE DISPUTE OVER STATUTORY INTERPRETATION THAT IS THE SUBJECT OF YOUR OPINION REQUEST. AS A RESULT, THERE ARE A NUMBER OF OPTIONS FOR RECOURSE, AND THE CHOICES INVOLVE THE EXERCISE OF EXECUTIVE JUDGMENT OR DISCRETION. HOWEVER, ONE ALTERNATIVE IS THE RECOURSE YOU HAVE CHOSEN, ASKING FOR AN ATTORNEY GENERAL OPINION, WHICH MAY ASSIST IN STATUTORY INTERPRETATION.
(BRITA HAUGLAND CANTRELL)